IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE J. SALAZAR,

           Plaintiff,

v.                                                   Civ.  No. 04-404 JH/WDS

ARTHUR HASSALL, BRYAN McOLASH,
SCOTT SPENCER, DEBRA GRIEGO,
DANETTE BURCH, JAMES C. JIMENEZ,
HAROLD FIELDS, JEFF VARELA,
individually and in their official capacities, and
NEW MEXICO DEPARTMENT OF FINANCE
AND ADMINISTRATION,

           Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant *New Mexico Department of Finance and Administration's Motion to Dismiss* [Doc. No. 29] and on *Defendants' Motion To Dismiss For Failure To Exhaust Administrative Remedies* [Doc. No. 45].  For the reasons set forth below, the motion should be granted in part and denied in part.

## DISCUSSION

Plaintiff is a former employee of the State of New Mexico, Department of Finance and Administration ("NMDFA").  On May 28, 2003, his employment was terminated.  As alleged by Plaintiff, individual Defendants Hassall, McOlash, Spencer, Griego, Burch, Jimenez, and Fields were employees of NMDFA at all relevant times.  On April 21, 2004, Plaintiff filed his First Amended Complaint alleging claims for (1) conspiracy to violate his civil rights under 42 U.S.C. § 1985; (2) denial of substantive and procedural due process; (3) discrimination on the basis of race in violation

of Title VII and Section 1983; (4) discrimination on the basis of age in violation of the Age

Discrimination in Employment Act (ADEA), Title VII, and the New Mexico Human Rights Act; and

(5) prima facie tort.

## I.    New Mexico Department of Finance and Administration's Motion to Dismiss

First, NMDFA argues that Plaintiff's claims under Sections 1983 and 1985 should be

dismissed because NMDFA is not a "person" who may be sued under those statutes.  Section 1983

provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

A cause of action under Section 1983 requires the deprivation of a civil right by a "person"

acting under color of state law.  Plaintiff has sued the New Mexico Department of Finance and

Administration, which is a department of the New Mexico state government and an entity that

Plaintiff does not dispute to be an arm of the state.  *See also* NMSA 1978, § 9-6-3 (1988) (creating

Department of Finance and Administration as a department of the executive branch of the state

government).  The Supreme Court has held that "neither a State nor its officials acting in their official

capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109

S.Ct. 2304 (1989).  As the Tenth Circuit explained in *Harris v. Champion*, "a governmental entity

that is an arm of the state for Eleventh Amendment purposes" is not a "person" for Section 1983

purposes.  *Harris*, 51 F.3d 901, 905-06 (10th Cir. 1995).

2

For the same reasons, a state agency is not a "person" that may be held liable under 42 U.S.C. § 1985, a related civil rights statute that prohibits conspiracies. *See, e.g., Productions & Leasing v. Hotel Conquistador, Inc.*, 573 F. Supp. 717 (D. Nev. 1982); *Coffin v. South Carolina Dept. of Social Servs.*, 562 F. Supp. 579 (D.S.C. 1983); *Santiago v. New York State Dept. of Correctional Servs.*, 725 F. Supp. 780, *rev'd on other grounds*, 945 F.2d 25 (S.D.N.Y. 1989); *Rode v. Dellarciprete*, 617 F. Supp. 721 (M.D. Pa. 1985). Accordingly, Plaintiff's claims against NMDFA under 42 U.S.C. §§ 1983 and 1985 should be dismissed.

Second, NMDFA argues that Plaintiff's claim of prima facie tort should be dismissed because the State of New Mexico has not waived its sovereign immunity for this claim. Governmental entities and public employees, while acting within the scope of duty, are granted immunity from liability from tort except as waived by the specific provisions of the Tort Claims Act. NMSA 1978, § 41-4-4(A) (1976, prior to 2001 amendment). As explained above, Defendant NMDFA comes within the definition of "governmental entity." *See* NMSA 1978, § 41-4-3(B), (F) (1995). Prima facie tort is not enumerated within those causes of action for which immunity has been waived by the Tort Claims Act, and therefore NMDFA enjoys immunity from Plaintiff's claim. *See also Derringer v. State*, 2003-NMCA-073 ¶ 16, 133 N.M. 721, 68 P.3d 961. Therefore, Plaintiff's claim for prima facie tort against NMDFA should be dismissed.

NMDFA's third and final argument is that Plaintiff has failed to state a claim for violation of his right to procedural due process.[1] The Due Process Clause of the Fourteenth Amendment protects a state employee who demonstrates a protected property interest in his or her employment and the

---

[1] It does not appear in the motion at hand that NMDFA is challenging Plaintiff's claim for substantive due process.

employee cannot be fired without procedural due process.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).  A cognizable claim for deprivation of procedural due process requires the plaintiff to make two showings: (1) that he had a protected property interest in his employment and (2) that he was deprived of this property interest without the requisite process.

A plaintiff can show he had a protected property interest in his employment only if he can show that "he has a legitimate claim of entitlement to continued employment."  *Dickeson v. Quarberg*, 844 F.2d 1435, 1437 (10th Cir. 1988) (citation and internal quotation marks omitted). "Property interests are not created by the Constitution, but arise from independent sources such as state statutes, local ordinances, established rules, or mutually explicit understandings."  *Id*.  Whether an employee has a property interest in her employment is determined under state law.  *Id*. at 1438 n.5. One way a plaintiff can show he was not afforded adequate process is by demonstrating that his firing was not "preceded by notice and opportunity for a hearing appropriate to the nature of the case." *Loudermill*, 470 U.S. at 542.  "The key requirement is that the employee is entitled to a pre-termination opportunity to respond; more specifically, to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."  *Benavidez v. City of Albuquerque*, 101 F.3d 620, 627 (10th Cir. 1996) (citations and quotation marks omitted).

It appears from the First Amended Complaint that Plaintiff has adequately alleged a claim for deprivation of his right to procedural due process, having alleged that he has a property interest in his continued employment and that he was not afforded an opportunity to be heard prior to the termination of his employment.  *See, e.g.*, First Amended Complaint at ¶ ¶ 58, 72.  Accordingly,

Defendant's motion to dismiss this claim under Rule 12(b)(6) should be denied.

The Plaintiff's response brief, as well as NMDFA's reply brief, raise various issues outside the scope of NMDFA's motion to dismiss. For example, there is a discussion regarding the Plaintiff's claims against individual defendants for prospective injunctive relief in accordance with the doctrine announced in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in which the Supreme Court recognized an exception to the Eleventh Amendment, holding that an individual seeking only prospective injunctive relief for ongoing violations of federal law may bring suit against state officials in federal courts. However, because the motion to dismiss was brought by NMDFA and not any individual defendant, the doctrine announced in *Ex parte Young* and any claims that Plaintiff may have against such individuals for injunctive relief is outside the scope of the motion and this Memorandum Opinion and Order.

Similarly, NMDFA argues for the first time in its reply brief that Plaintiff's claim for discrimination under Title VII should be dismissed.[2] This argument was not raised in NMDFA's motion or supporting memorandum, and therefore the Plaintiff had no opportunity to address it. Accordingly, the Court will not address it here.

In summary, Plaintiff's claims against NMDFA for violation of 42 U.S.C. § 1983 and 1985 will be dismissed with prejudice. All other claims by Plaintiff against NMDFA remain unaffected by this Memorandum Opinion and Order.

---

[2] Oddly, although NMDFA's motion is styled as a motion to dismiss, in its reply brief NMDFA argues the merits of the Title VII claim as though it were a motion for summary judgment.

II.     **Motion By Individual Defendants to Dismiss For Failure To Exhaust**
        **Administrative Remedies**

Defendants Hassalll, McOlash, Spencer, Griego, Burch, Jimenez, Field, and Varela (i.e., all

of the individual defendants) move the Court to dismiss Plaintiff's claims against them brought under

Title VII and the New Mexico Human Rights Act ("NMHRA").  As grounds for their motion,

Defendants contend that Plaintiff did not file an EEOC charge against them, nor did he mention them

in the EEOC charge he filed against NMDFA.  A review of the charge itself reveals that the individual

Defendants are not mentioned anywhere in the document.  Accordingly, the individual Defendants

contend that Plaintiff failed to exhaust his administrative remedies, and therefore this Court lacks

subject matter jurisdiction over Plaintiff's claims against them under Title VII and the NMHRA.[3]

However, the Court need not reach Defendants' argument as it relates to Plaintiff's Title VII

claim against them in their individual capacities.  As the Tenth Circuit has explained, Title VII liability

is borne by the employer, not by supervisors or employees in their individual capacities.  *Haynes v.*

*Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[T]aken as a whole, the language and structure of

amended Title VII continue to reflect the legislative judgment that statutory liability is appropriately

_____

[3] Defendants also argue that their motion should be granted because Plaintiff's response brief was untimely.  This argument fails for two reasons.  First, when deciding a motion under Rule 12(b), "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003).  This obligation means that a court may not automatically treat a failure to respond to the motion as a procedural default.  Second, Defendants' calculation of the deadline for Plaintiff's response is incorrect.  On December 30, 2004, Defendants served their motion by mail.  Thus, Plaintiff's response was due to be **served** on Defendants (not filed with the Court, as Defendants erroneously contend, *see* Local Rule 7.6(a)) on Sunday, January 16, 2005 (fourteen days plus three days for mailing).  However, because of the weekend and intervening Martin Luther King federal holiday, the deadline for Plaintiff to serve his response to the motion was January 18—the day he in fact served his response.

borne by employers, not individual supervisors....Accordingly, we continue to adhere to this court's established, pre-amendment rule that personal capacity suits against individual supervisors are inappropriate under Title VII."). *See also Gioia v. Pinkerton's, Inc.*, 194 F. Supp.2d 1207, 1212 n.1 (D.N.M. 2002) (Black, J.) Therefore, as a matter of law Plaintiff's Title VII claim against the Defendants in their individual capacities should be dismissed.

Next, the Court turns to Plaintiff's claims against the individuals under the NMHRA, as well as his official capacity claims under Title VII. A plaintiff must generally exhaust his or her administrative remedies prior to pursuing a Title VII claim in federal court. *See, e.g., Khader v. Aspin*, 1 F.3d 968, 970 (10th Cir. 1993). Similarly, compliance with the grievance procedure of the NMHRA is a prerequisite to suit under at statute as well. *Jaramillo v. J.C. Penney Co.*, 102 N.M. 272, 694 P.2d 528 (Ct.App. 1985). Thus, a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter. *See Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997); *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Some courts have found that the failure to name a party in an administrative charge of discrimination need not preclude a subsequent lawsuit against the party if that charge, read as a whole, gave the party notice of the alleged discriminatory conduct and an opportunity to participate in the administrative proceeding. *See, e.g., McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 504-5 (1st Cir. 1996). However, the New Mexico Supreme Court has ruled that a plaintiff does not exhaust his administrative remedies under the NMHRA unless he names an individual defendant in his administrative charge. *Mitchell-Carr v. McLendon*, 1999-NMSC-025 ¶ 10, 127 N.M. 282, 980 P.2d

65 ("None of the Appellants named McLendon as an individual respondent in these charges; each named only the Union as a respondent. Therefore, we conclude that the district court property granted summary judgment on Appellants' NMHRA claims against McLendon."). The same rationale applies to claims brought under Title VII. *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 666 (9th Cir. 1980) (failure to name union in employment discrimination charge filed against employer before EEOC, or to allege facts therein from which it could be inferred that union violated Title VII, precludes claimant from proceeding against union in Title VII action). Because Plaintiff did not exhaust his administrative remedies with regard to his NMHRA and Title VII claims against the individual Defendants, those claims will be dismissed.

IT IS THEREFORE ORDERED that:

(1)    Defendant *New Mexico Department of Finance and Administration's Motion to Dismiss* [Doc. No. 29] is GRANTED IN PART and DENIED IN PART;

(2)    Plaintiff's claims against Defendant New Mexico Department of Finance and Administration under 42 U.S.C. § 1983 and 1985 are DISMISSED WITH PREJUDICE;

(3)    Plaintiff's claim against Defendant New Mexico Department of Finance and Administration for prima facie tort is DISMISSED WITH PREJUDICE;

(4)    *Defendants' Motion To Dismiss For Failure To Exhaust Administrative Remedies* [Doc. No. 45] is GRANTED;

(5)    Plaintiff's claims against the individual Defendants under Title VII and the New Mexico Human Rights Act are DISMISSED WITH PREJUDICE; and

(6)     Plaintiff's remaining claims are unaffected by this Memorandum Opinion and Order.


_____
UNITED STATES DISTRICT JUDGE