IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE J. SALAZAR,

              Plaintiff,

v.                                                 Civ. No. 04-404 JCH/WDS

ARTHUR HASSALL, BRYAN McOLASH,
SCOTT SPENCER, DEBRA GRIEGO,
DANETTE BURCH, JAMES C. JIMENEZ,
HAROLD FIELDS, JEFF VARELA,
individually and in their official capacities, and
NEW MEXICO DEPARTMENT OF FINANCE
AND ADMINISTRATION,

              Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Strike Plaintiff's Supplemental Response to Defendant Scott Spencer's Motion to Dismiss and Supporting Memorandum, filed February 7, 2005 **[Doc. No. 77]** ("Motion to Strike"). The Court, having considered the motion, briefs, and relevant law and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**.

### BACKGROUND

Defendant Spencer filed his Motion to Dismiss Plaintiff's Claims Against Him ("Motion to Dismiss") on December 15, 2004. On January 7, 2005, Plaintiff's counsel filed an untimely,[1] unopposed Motion for Extension of Time to File Response to Defendant Spencer's Motion to

---

[1] Pursuant to Local Rule 7.6(a), a party seeking an extension of time to file a response must do so within the applicable fourteen-day time deadline set forth in the local rule. Plaintiff's counsel filed the Motion for Extension of Time outside the fourteen-day period.

Dismiss. The Court granted that unopposed Motion for Extension of Time, ordering Plaintiff to respond to the Motion to Dismiss by January 14, 2005. Plaintiff did not respond to the Motion to Dismiss until January 20, 2005. Defendant Spencer filed his Reply to Plaintiff's Response on February 1, 2005. On February 4, 2005, Plaintiff filed, without leave of court or consent of Defendant Spencer, a Supplemental Response to Defendant Spencer's Motion to Dismiss ("Supplemental Response"). The Supplemental Response does not contain any citations to legal authority. Plaintiff apparently filed the Supplemental Response to present to the Court an e-mail from Defendant Spencer to Plaintiff's counsel dated May 12, 2004. That e-mail is attached to the Supplemental Response.

## DISCUSSION

Defendant Spencer argues that the Court should strike Plaintiff's Supplemental Response because it does not comply with Local Rule 7.6, Local Rule 7.5(a), and Federal Rule of Civil Procedure 12(b). Plaintiff, in response, claims that the Court should grant Plaintiff leave to supplement the record because "the email that is attached . . . is very relevant and informative," "the failure to include the said exhibit . . . was an inadvertent oversight," and "the additional information contained in the supplement is important and should be allowed to stand so that the adjudication of Plaintiff's claims turns on justice and not on a technicality."

Rule 12(b) permits a party to seek dismissal for failure to state a claim upon which relief can be granted and limits the motion to those documents contained or referenced in the pleadings. *See* Fed. R. Civ. P. 12(b); *see also Scott v. Performance Contrs.*, 166 F.R.D. 372 (M.D. La.) (although a court, in ruling on FRCP 12(b)(6) motion, must not look beyond pleadings, all exhibits attached to a complaint are part of the pleadings), *aff'd without op.*, 95 F.3d 55 (5th Cir. 1996); *DeJohn v TV*

2

*Corp. Int'l*, 245 F. Supp. 2d 913 (N.D. Ill. 2003) (noting that the Seventh Circuit has recognized a narrow exception to the rule that in deciding motion to dismiss a court is limited to four corners of complaint; that exception occurs where a complaint or attachment to a complaint expressly refers to another document); *Alternative Energy, Inc. v St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30 (1st Cir. 2001) (where a complaint relies upon a document whose authenticity is not challenged, that document merges into the pleadings even though it was not appended to or expressly incorporated into the complaint).  Plaintiff's Supplemental Response contains no authority and seeks only to present for this Court's consideration an e-mail that is not contained or referenced in the pleadings. In deciding a motion to dismiss, a district court cannot consider matters outside of the pleadings unless the court converts the motion into a motion for summary judgment.  Specifically, Rule 12(b)(6) provides, "If on a motion asserting the defense number (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as a motion for summary judgment." The Court declines to convert the Motion to Dismiss to a motion for summary judgment, and it therefore will not consider matters outside of the pleadings.  Because Plaintiff's Supplemental Response seeks only to present to this Court an e-mail not contained or referenced in the pleadings, the Court strikes the Supplemental Response.

The Court also notes that Plaintiff's Supplemental Response does not comply with this Court's Local Rules.  Local Rules 7.6(a) and 7.6(b) contemplate the filing of a motion, response, reply, and upon leave of court, a sur-reply.  Local Rule 7.6(b) also contemplates that a party must request an extension of time to file an untimely response within the fourteen-day limit set forth in Local Rule 7.6(b).  Local Rule 7.5(a) provides that a pleading "must cite authority in support of the

legal positions advanced." Plaintiff's Supplemental Response, filed outside of the fourteen-day limit contained in Rule 7.6(a), and without the citation of any authority, does not comply with these rules. Accordingly, the Court also strikes Plaintiff's Supplemental Response for failure to comply with the Court's Local Rules.

## CONCLUSION

**IT THEREFORE IS ORDERED** that Defendants' Motion to Strike Plaintiff's Supplemental Response to Defendant Scott Spencer's Motion to Dismiss and Supporting Memorandum, filed February 7, 2005 **[Doc. No. 77]** is hereby **GRANTED**.

Dated this 30th day of September 2005.

_____
UNITED STATES DISTRICT JUDGE