**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**JOE J. SALAZAR,**

    **Plaintiff,**

v.                                                                                Civ. No. 04-404 JH/WDS

**ARTHUR HASSALL, et al.,**

    **Defendants.**

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS OF FACT AND RECOMMENDED DISPOSITION[1]**

This matter comes before the Court on an Order of Reference from the Presiding Judge designating the undersigned to consider Plaintiff's Rule 37 (b)(2) Motion for Sanctions for Spoliation of Evidence (Doc. 148) and to submit proposed findings of fact and a recommended disposition to the Presiding Judge.

This is a civil rights action arising out of Plaintiff's termination from employment as an audit coordinator with the Defendant State Department of Finance and Administration. Plaintiff's motion rests entirely on the failure of the Defendants to provide him with all of the email in the Department's computers which Plaintiff requested in discovery. Plaintiff requested production of all email between him and the Defendants and all email between the Defendants which discussed Plaintiff or his personnel case. Using excerpts from some of the email produced, Plaintiff argues that there should

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

have been more email than has been produced.

The Defendants responded to Plaintiff's original inquiry about the lack of sufficient email by stating that he had all the email that existed. Plaintiff was unsatisfied with this response, thus the filing of this motion. In their response to the motion Defendants state that they have produced all of the email from Plaintiff to the Defendants, all email from the Defendants to Plaintiff, and all email between Defendants which deals with Plaintiff and his employment with the Department. While Plaintiff clearly expected that there would be more email, he produces no evidence that email exists which has not been produced. He has not identified any witness to the destruction of any particular email. In his memorandum, Plaintiff makes much of an alleged statement by Defendant Spencer, the Departments's general counsel, to the effect that other email had been deleted. The evidence of this statement is contained in an affidavit of Plaintiff at paragraph 3, attached as Exhibit 7 to his memorandum. The affidavit is not detailed and is not at all clear that Defendant Spencer is referring to email relevant to Plaintiff.

In their response Defendants speculate that Plaintiff may be referring to email which has nothing to do with this case. Defendants then go on to state that Plaintiff has received all email concerning him and his case. The Court is not persuaded by the affidavit of Plaintiff, quoting Defendant Spencer, that email relevant to this case was destroyed. If a question existed as to Spencer's meaning in making that statement it was incumbent upon Plaintiff to pursue the matter further, by deposition or by a motion to compel. He cannot just cite the alleged statement in an affidavit and expect such a vague statement to be sufficient evidence to find that relevant email was destroyed, especially given the unequivocal affirmations by Defendants' counsel that all email has been produced. Plaintiff did not file a motion to compel or otherwise request the assistance of the

Court in resolving the email issue before filing this motion .

Given the lack of evidence as to the existence of any additional email, other than that already produced, and the lack of any evidence that any email relevant to this case was destroyed, there is no basis for this Court to find that there was spoliation. Nor, therefore, is there a basis for sanctions.

### RECOMMENDED DISPOSITION

The Court recommends that Plaintiff's Rule 37 (b)(2) Motion for Sanctions for Spoliation of Evidence (Doc. 148), filed August 15, 2006, be DENIED.

 

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**