IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE J. SALAZAR,

       Plaintiff,

v.                Civ. No. 04-404 JCH/WDS

ARTHUR HASSALL, BRYAN McOLASH,
SCOTT SPENCER, DEBRA GRIEGO,
DANETTE BURCH, JAMES C. JIMENEZ,
HAROLD FIELD, JEFF VARELA,
individually and in their official capacities, and
NEW MEXICO DEPARTMENT OF FINANCE
AND ADMINISTRATION,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion and Memorandum in Support of Motion to Dismiss Plaintiff's Counts I, II, and IV in Whole or in Part, filed October 2, 2006 **[Doc. No. 171]**. The Court having considered the motion, memoranda, and relevant law, and being otherwise fully informed, finds that the Motion to Dismiss is well taken and will be granted.

## BACKGROUND

The Court already has set forth the factual background of this case in two Memorandum Opinion and Orders [Doc. Nos. 82 and 94]. The Court incorporates those facts herein. With respect to the procedural background of this case, Plaintiff Salazar filed his First Amended Complaint ("Complaint") on April 21, 2004, alleging the following claims: (1) conspiracy to violate his civil rights under 42 U.S.C. Section 1985 (Count I); (2) denial of his Constitutional rights to substantive and procedural due process, in violation of the Fourteenth Amendment and 42 U.S.C. Section 1983

(Count II); (3) discrimination on the basis of race in violation of Title VII as well as denial of his Constitutional right to equal protection under 42 U.S.C. Section 1983 (Count III); (4) discrimination on the basis of age in violation of the Equal Protection Clause and 42 U.S.C. Section 1983, as well as discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII, and the New Mexico Human Rights Act ("NMHRA") (Count IV); and (5) prima facie tort (Count V).      On February 22, 2005, the Court entered a Memorandum Opinion and Order dismissing Salazar's claims against the New Mexico Department of Finance Administration ("NMDFA") under Count I, Count II, and part of Count III of the Amended Complaint on the grounds that the NMDFA is not a "person" who may be held liable under 42 U.S.C. Sections 1983 and 1985. The Court also dismissed Salazar's claim of prima facie tort against the NMDFA because it has sovereign immunity under the New Mexico Tort Claims Act. Finally, the Court granted the individual defendants' motion to dismiss Salazar's claims under Title VII and the NMHRA, finding that the individual defendants were not employers subject to liability under those acts and that Salazar had failed to exhaust his administrative remedies.

On February 14, 2006, the court entered a Memorandum Opinion and Order dismissing all of Salazar's legal and monetary claims against Defendants Hassall, McOlash, Spencer, Griego, Burch, Jimenez, Varela, and Field in their official capacities brought pursuant to 42 U.S.C. Sections 1983 and 1985 on the grounds that state employees acting in their official capacities may not be held liable for monetary damages. The Court also dismissed Salazar's claims for violation of his right to procedural due process against Defendants Hassall, McOlash, Spencer, Griego, Burch, Jimenez, Field, and Spencer in their individual capacities, as well as Salazar's claims for violation of his right to substantive due process and equal protection against Defendant Varela in his individual capacity

2

on the grounds that these defendants are protected by qualified immunity. Finally, the Court dismissed Salazar's claims for prima facie tort against all of the defendants because the New Mexico Tort Claims Act does not waive immunity for prima facie tort.

Therefore, Salazar's remaining claims are as follows: (1) injunctive (but not monetary) claims for conspiracy to violate civil rights under 42 U.S.C. Section 1985 against the individual defendants in their official capacities; (2) monetary and injunctive claims for conspiracy to violate civil rights under 42 U.S.C. Section 1985 against the individual defendants in their individual capacities; (3) injunctive (but not monetary) claims for violation of the right to substantive and procedural due process pursuant to 42 U.S.C. Section 1983 against the individual defendants in their official capacities; (4) monetary and injunctive claims for violation of the right to procedural due process against Defendant Varela in his individual capacity; (5) monetary and injunctive claims for violation of the right to substantive due process against Defendants Hassall, McOlash, Spencer, Griego, Burch, Jimenez, and Field in their individual capacities; (6) injunctive (but not monetary) claims for race discrimination in violation of the Equal Protection Clause pursuant to 42 U.S.C. Section 1983 against the individual defendants in their official capacities; (7) monetary and injunctive claims for race discrimination in violation of the Equal Protection Clause pursuant to 42 U.S.C. Section 1983 against Defendants Hassall, McOlash, Spencer, Griego, Burch, Jimenez, and Field in their individual capacities; (8) monetary and injunctive claims for race discrimination in violation of Title VII against the NMDFA; (9) injunctive (but not monetary) claims for age discrimination in violation of the Equal Protection Clause pursuant to 42 U.S.C. Section 1983 against the individual defendants in their official capacities; (10) monetary and injunctive claims for age discrimination in violation of the Equal Protection Clause pursuant to 42 U.S.C. Section 1983 against the individual defendants in their

individual capacities; (11) monetary and injunctive claims for age discrimination in violation of Title VII against the NMDFA; (12) claims for age discrimination in violation of the ADEA against the NMDFA and the individual defendants in their individual and official capacities, and (13) a claim for age discrimination in violation of the NMHRA against the NMDFA.

## **STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading. Fed. R. Civ. P. 12(b)(6). A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citation omitted). In considering a Rule 12(b)(6) motion, a court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991), *cert. denied*, 504 U.S. 912 (1992); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to offer evidence to support his or her claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that [the plaintiff] has not alleged or that the defendants have violated the . . . laws in ways that [the plaintiff has not] alleged." *See Associated Gen. Contractors, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The rules also do not require a court to accept legal conclusions or unwarranted inferences. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.

4

1994) (citation omitted).

## **DISCUSSION**

I.      Count I:  42 U.S.C. Section 1985 Conspiracy.

The essential elements of a 42 U.S.C. Section 1985(3) claim are as follows:  (1) a conspiracy, motivated by racially discriminatory animus; (2) to deprive a plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting from the conspiracy.[1]  *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  In addition, the conspiracy must be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

The Complaint alleges that Defendants Hassall, McOlash, Spencer, and Griego conspired under color of law to deprive Plaintiff of equal protection of the law and otherwise interfere with his rights protected by the Fourth, Fifth, and Fourteenth Amendments in violation of 42 U.S.C. Section 1985 of the Civil Rights Act on the basis of Plaintiff's race.  The Complaint does not allege that Defendants Burch, Jimenez, and Field conspired to deprive Plaintiff of his rights.  Rather, the Complaint only alleges that Defendants Burch, Jimenez, and Field knew or should have known of the conspiracy, and that they failed to prevent the alleged violation of Section 1985 even though they had the power to do so.  An omission on the part of a defendant does not constitute an "act in furtherance of the conspiracy.  *Cf. Tilton*, 6 F.3d at 686.  Accordingly, Count I fails to allege one of the essential elements of a Section 1985(3) claim against Defendants Burch, Jimenez, and Field, and the Count

---

[1] Defendants assume, and Plaintiff does not dispute, that Count I alleges a violation of 42 U.S.C. Section 1985(3) and not a violation of 42 U.S.C. Sections 1985(1) or (2).

5

therefore is dismissed against those defendants in their individual and official capacities.[2]

II.     Count III:  Title VII Race Discrimination.

In *Starrett v. Wadley*, the Tenth Circuit held that "a right created solely under Title VII cannot serve as the basis for an independent remedy under § 1983." 876 F.2d 808, 813 (10th Cir. 1989). Accordingly, to the extent Count III alleges a Section 1983 race discrimination claim based solely upon a violation of Title VII, the Court dismisses that claim. To the extent Count III alleges a violation of the Equal Protection Clause actionable under Section 1983, or a violation of Title VII of the Civil Rights Act independent of Section 1983, those claims are still pending before this Court.

III.    Count IV:  Age Discrimination.

   A.     Equal Protection Claim Pursuant to 42 U.S.C. Section 1983.

In *Migneault v. Peck*, the Tenth Circuit held that there is no "cognizable age discrimination claim under the Equal Protection Clause[] independent of the ADEA." 204 F.3d 1003, 1004 n.1 (10th Cir. 2000); *Migneault v. Peck*, 158 F.3d 1131, 1140 (10th Cir. 1998), *vacated on other grounds by Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000). Salazar citation to *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996), which stands for the general proposition that a state practice that does not provoke heightened scrutiny will be subject to rational basis review, does not persuade the Court otherwise. The Tenth Circuit's general holding in *Riddle* does not change the court's specific refusal in *Migneault* to recognize an equal protection claim for age discrimination in employment under Section 1983. Accordingly, Plaintiff's age discrimination claim in violation of

---

[2] Plaintiff Salazar maintains that "Defendants Field, Jimenez, and Burch are sued in Count I pursuant to Title 42 U.S.C. § 1986." Although Salazar cites to the Complaint as support for this Section 1986 claim, the Complaint does not mention a Section 1986 claim. If Salazar wishes to amend his Complaint to add a Section 1986 claim, he must do so by motion consistent with this Court's rules.

the Equal Protection Clause does not state a claim for relief, and the Court therefore dismisses the claim.

      B.     ADEA Claim.

To the extent that Plaintiff's ADEA claim seeks to establish Section 1983 liability based upon a violation of the ADEA, the claim must fail. The Tenth Circuit has held that rights created solely under Title VII or Title IX of the Civil Rights Act cannot serve as the basis for an independent remedy under 42 U.S.C. Section 1983. *Starrett*, 876 F.2d at 813; *Seamons v. Snow*, 84 F.3d 1226, 1234 n.8 (10th Cir. 1996). Although the Tenth Circuit has not explicitly held that an ADEA violation cannot serve as the basis for a Section 1983 claim, the same reasoning applies to the ADEA. Moreover, other courts have specifically held that a plaintiff cannot predicate Section 1983 liability on a violation of the ADEA. *See, e.g.*, *Porter v. Illinois Dep't of Children & Family Servs.*, No. 98-1152, 1998 U.S. App. LEXIS 30145, at *20 (7th Cir. Nov. 23, 1998) (because Title VII and the ADEA provide their own comprehensive remedial schemes, individuals cannot employ Section 1983 to enforce rights created by those statutes); *Walker v. Alternatives to Incarceration*, 93-CV-226, 1996 U.S. Dist. LEXIS 11802, at *79 n.21 (N.D.N.Y. Aug. 12, 1996) (plaintiff cannot base Section 1983 claim upon alleged violations of federal statutory rights guaranteed by Title VII or the ADEA). Accordingly, to the extent Count IV states a claim for Section 1983 relief based solely upon a violation of the ADEA, that claim is dismissed.

To the extent Count IV alleges an independent ADEA claim for age discrimination against the NMDFA and the individual defendants in their official capacities, that claim also must fail. The United States Supreme Court has held that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *Kimel v. Florida Bd. of Regents*, 528

U.S. 62, 91 (2000). Accordingly, the Complaint does not state a claim for relief against the NMDFA for violation of the ADEA. Because an official capacity suit against an individual defendant is the same as a suit against the state, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), Count IV also fails to state a claim for relief under the ADEA against the individual defendants in their official capacities.

Finally, to the extent Count IV alleges an ADEA claim against the individual defendants in their individual capacities, that claim also must fail. The Tenth Circuit has held that Title VII suits against individuals in their personal capacities are inappropriate. Specifically, in *Sauers v. Salt Lake County*, the court held that "[u]nder Title VII, suits against individuals must proceed in their official capacity." 1 F.3d 1122, 1125 (10th Cir. 1993). The *Sauers* court explained that "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act," and that "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id.* (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)). Thereafter, in *Haynes v. Williams*, the Tenth Circuit held that "personal capacity suits against individual supervisors are inappropriate under Title VII." 88 F.3d 898, 901 (10th Cir. 1996). In *Butler v. City of Prairie Village*, the Tenth Circuit extended this reasoning to ADA suits, holding that individual defendants named in their personal capacities may not be held liable for discrimination or retaliation in violation of the ADA. 172 F.3d 736, 744 (10th Cir. 1999). The *Butler* court explained that the "ADA, Title VII, and the ADEA all prohibit discrimination by employers on a variety of grounds" and that the acts define "employer" similarly.[3] *Id.* Because the court could "discern no

---

[3] Title VII, the ADA, and the ADEA prohibit discrimination by "employers." *See* 42 U.S.C. § 2000e-2(a) (Title VII); 29 U.S.C. § 623(a) (ADEA). These anti-discrimination statutes have similar definitions of the term "employer." Title VII defines "employer" as "a person

8

meaningful distinction between the definitions of 'employer' in Title VII and the ADA, the court concluded that the reasoning in *Haynes* dictated the outcome of th[e] case." *Id.*   Based upon the Tenth Circuit's holding in *Sauers*, *Haynes*, and *Butler*, and the similar definitions of "employer" in the statutes, the Court holds that personal capacity suits are inappropriate under the ADEA.  *Cf. Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (individual defendants could not be held liable under the ADEA in their individual capacities because they could not be considered plaintiff's employer) (citations omitted); *Birbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (holding that the ADEA limits civil liability to the employer, and not employees in their individual capacities, and that employees acting as "agents" can only be held liable in their official capacities); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (individual defendants cannot be held liable in their individual capacities for damages under the ADEA); *Ledbetter v. City of Topeka*, 112 F. Supp. 2d 1239, 1244 (D. Kan. 2000) (under *Haynes* rational, individual supervisory liability not proper under ADEA), *aff'd by* No. 02-3156, 2003 U.S. App. LEXIS 5364 (10th Cir. Mar. 18, 2003); *Allen v. CGI Management, Inc.*, No. CIV-04-1068-M, 2005 WL 2429750, at *2 (W.D. Okla. Sept. 30, 2005) (personal capacity suits inappropriate under ADEA).  Therefore, the Court dismisses Plaintiff's ADEA claims against the individual defendants in their individual capacities.

---

engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person."  42 U.S.C. § 2000e(B).  The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees . . ., and any agent of such person."  42 U.S.C. § 12111(5)(A).  The ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty ore more employees . . . [and] any agent of such person."  29 U.S.C. § 630(b).

C.  Title VII Claim.

Title VII prohibits discrimination based upon "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e-3(b). Title VII does not prohibit age discrimination. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 n.4 (1982). Accordingly, to the extent Count IV alleges a Title VII claim for age discrimination, that claim is dismissed in its entirety.

D.  NMHRA Claim.

Section 1983 does not provide a basis for redressing violations of state law. *Jones v. City & County of Den.*, 854 F.2d 1206, 1209 (10th Cir. 1988) (citation omitted); *Romero v. Bd. of County Comm'rs*, 60 F.3d 702, 705 (10th Cir. 1995). Accordingly, to the extent Count IV asserts a claim seeking to establish Section 1983 liability based solely upon a violation of the NMHRA, that claim is dismissed.

## CONCLUSION

**IT THEREFORE IS ORDERED** that Defendants' Motion and Memorandum in Support of Motion to Dismiss Plaintiff's Counts I, II, and IV in Whole or in Part, filed October 2, 2006 **[Doc. No. 171]** is **GRANTED** as follows:

(1)  Plaintiff Salazar's 42 U.S.C. Section 1985(3) claims set forth in Count I are dismissed against Defendants Burch, Jimenez, and Field in their individual and official capacities;

(2)  To the extent Count III alleges a 42 U.S.C. Section 1983 race discrimination claim based solely upon a violation of Title VII, that claim is dismissed;

(3)  Plaintiff Salazar's age discrimination claims in violation of the Equal Protection Clause and 42 U.S.C. Section 1983 set forth in Count IV are dismissed;

(4)  To the extent Count IV states a claim for 42 U.S.C. Section 1983 relief based solely

upon a violation of the ADEA, that claim is dismissed;

(5) To the extent Count IV alleges an independent ADEA claim for age discrimination against the NMDFA and the individual defendants in their official capacities, that claim is dismissed;

(6) Plaintiff Salazar's ADEA claims set forth in Count IV against the individual defendants in their individual capacities are dismissed;

(7) To the extent Count IV alleges a Title VII claim for age discrimination, that claim is dismissed; and

(8) To the extent Count IV asserts a claim seeking to establish 42 U.S.C. Section 1983 liability based solely upon a violation of the NMHRA, that claim is dismissed.

Dated this 29th day of January 2007.

_____
**JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE**